ACCEPTED
08-24-00363-CV
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
10/27/2024 6:07 PM
ELIZABETH G. FLORES
CLERK

08-24-00363-CV

No. 08-24-00363-CV[1]

# In The
# Eighth Court of Appeals,
# at El Paso, Texas

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS
10/28/2024 8:00:00 AM
ELIZABETH G. FLORES
Clerk

BENJAMIN DUNN

*Appellant,*

v.

THOMPSON, COE, COUSINS & IRONS, L.L.P.,

*Appellee.*

On appeal from Cause No. D-1-GN-23-008730, in the 455th Judicial District Court of Travis County, Texas; the Honorable Amy Clark Meachum, Presiding

**APPELLANT BENJAMIN DUNN'S RESPONSE TO APPELLEE THOMPSON, COE, COUSINS & IRONS, L.L.P.'S MOTION TO DISMISS APPEAL FOR WANT OF JURISDICTION AND APPELLANT'S MOTION FOR SANCTIONS FOR APPELLEE FILING FRIVOLOUS MOTION**

/s/ Benjamin Paul Dunn
Benjamin Paul Dunn
Texas Bar No. 24124581

---

[1] The Supreme Court of Texas, Misc. Docket No. 24-9081, ordered that this case, *inter alia*, be transferred from the 3rd Court of Appeals, Docket No. 03-24-00613-CV, is now in the 8th Court of Appeals, Docket No. 08-24-00363-CV. As such, the 8th Court of Appeals shall decide this case according to the precedent of the 3rd Court of Appeals.

ben@benpdunn.com
Pro Se Appellant
P.O. Box 311128
New Braunfels, TX 78131-1128
P: 210-819-3970

PRO SE APPELLANT

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................... i

TABLE OF AUTHORITIES ...............................................................ii

FACTUAL AND PROCEDURAL BACKGROUND ........................... 2

    A. Procedural History in the Court Below ................................... 3

    B. The trial court dismissed all of Appellant's causes of action against Appellee in its June 20, 2024 order, meaning that as between Appellant and Appellee, the dismissal was not an accelerated appeal, but instead was a regular dismissal subject to the usual appeals timeline ................................................................... 5

    C. This is not an accelerated appeal, as Chapter 27 of the Texas Civil Practice & Remedies Code applies to *denials* of TCPA Motions to Dismiss, not an appeal from an order *granting* a TCPA Motion to Dismiss ................................................................... 6

    D. Because this is not an accelerated appeal, it was filed timely....... 9

    E. Appellee's timeline has issues................................................. 9

CONCLUSION AND PRAYER .................................................. 11

CERTIFICATE OF CONFERENCE ............................................ 12

CERTIFICATE OF SERVICE .................................................... 12

# TABLE OF AUTHORITIES

**CASES**

*In re Panchakarla,* 602 S.W.3d 536, 538 (Tex. 2020) (orig. proceeding)
(per curiam).................................................................................. - 8 -

**STATUTES**

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 ..........................................- 7
TEX. CIV. PRAC. & REM. CODE ANN. § 27.003 ........................................ - 7-
TEX. CIV. PRAC. & REM. CODE ANN. § 27.008 ........................................ - 7 -

**RULES**

TEX. R. APP. P. 10.1 ........................................................................... - 12 -
TEX. R. APP. P. 26.1 ............................................................................ - 5 -
TEX. R. APP. P. 26.3 ............................................................................ - 5 -
TEX. R. APP. P. 9.4 ............................................................................ - 11 -
TEX. R. APP. P. 9.5............................................................................ - 12 -
TEX. R. CIV. P. 4................................................................................ - 10 -
-

TO THE HONORABLE COURT OF APPEALS:

Appellant Benjamin Dunn moves the Court to disregard, dismiss, and overrule Appellee Thompson, Coe, Cousins & Irons, L.L.P.'s Motion to Dismiss for Want of Jurisdiction, first, (1) because Appellee did not comply with TEX. R. APP. P. 9.4(e) (requiring that "A document produced on a computer must be printed in a conventional typeface no smaller than 14-point except for footnotes, which must be no smaller than 12-point."), and second, (2) because it is brought solely for purpose of delay, as explained in further detail below, and the Motion to Dismiss for Want of Jurisdiction was filed wholly without merit as Appellant was appealing a regularly dismissed cause of action. Appellant's notice of appeal was for a final, appealable order, as to all causes of action existing between Appellant, and Appellee, and so it is not interlocutory as no causes of action remained from the trial court's order of dismissal dated June 20, 2024, and as other sister appellate courts have held.

Appellant further moves the Court of Appeals to sanction Appellee and Appellee's counsel for bringing this frivolous Motion before the Court of Appeals.

Appellee's Motion to Dismiss for Want of Jurisdiction appears to have been completely written in 12-point font, however, because Appellee had the experience of an appellate lawyer, the Court should not allow its Motion to Dismiss for Want of Jurisdiction to be considered, as their counsel should have known the TEXAS RULES OF APPELLATE PROCEDURE. In the interest of justice, however, the Court of Appeals may consider an incorrectly formed document to be considered *in the interest of justice.* TEX. R. APP. P. 9.4 ("Except for the record, a document filed with an appellate court, including a paper copy of an electronically filed document, must—*unless the court accepts another form in the interest of justice*—be in the following form[.]") (emphasis supplied). Appellant defers to the wisdom of the Court of Appeals in this determination.

For the Court, this Appellant's Response to Appellee's Motion to Dismiss for Want of Jurisdiction, complies with the required 14-point font size of TEX. R. APP. P. 9.4(e). The typeface utilized by Appellant for this response is Century Schoolbook, which has been completed in 14-point font for the text of Appellant's Response, and 12-point font for all footnotes, in full compliance with TEX. R. APP. P. 9.4(e).

## FACTUAL AND PROCEDURAL BACKGROUND

**A. Procedural history in the trial court below.**

The procedural history in the trial court below is important to consider, in responding to Appellee's Motion to Dismiss for Want of Jurisdiction.

Appellant sued Appellee, and others, by the filing of his Original Petition with the Travis County District Clerk, on December 4, 2023. Clerks Record ("CR") 5–15. In Appellant's Original Petition, he sued Appellee for defamation of character, in that Appellant caused to be stated factually false statements relating to Appellant. *Id*. Appellant also originally sued Jane Does and John Does. CR 5. In response, Appellee filed its TCPA Motion to Dismiss ("TCPA MTD") with the Clerk on May 2, 2024. CR 26. On May 20, 2024, Appellant's trial counsel filed her Notice of Appearance and Designation of Lead Counsel (CR 55–57), and Appellant filed his First Amended Petition, suing Defendant Stephanie Simons Rojo for the first time for defamation of character (CR 57–72). The trial court held a hearing on Appellee's TCPA MTD on May 21, 2024. Reporter's Record ("RR") 1. The trial court provided Appellant until July 1, 2024 to file his response to Appellee's TCPA MTD (RR 11) ("So I'm on the clock. I calculate my deadline as 7-1-2024, if what you said is correct. And so get that response on file, and I'll look at it."), but prior to July 1,

- 3 -

2024, Appellee's trial counsel violated various local rules, the Texas Rules of Civil Procedure, and filed a time-is-of-the-essence filing with the trial court via the trial court's submission email address, on June 17, 2024 (CR 155).

The trial court signed its order dismissing Appellant's causes of action against Appellee, *inter alia*, on June 20, 2024 (CR 156), which was submitted by Appellee's trial counsel, in violation of various rules, with the trial court directly via the trial court's submission email. CR 155.

Appellant filed his Motion for New Trial and In the Alternative Motion to Correct and/or Reform Judgment on Defendant TCCI'S TCPA Motion to Dismiss, and paid the applicable fee with the Clerk, on July 19, 2024. CR 212–234. The filing of the Motion for New Trial, pursuant to TEX. R. APP. P. 26.1(a)(1), meant the timely notice of appeal for Appellant was required to be filed "within 90 days after the judgment is signed".

Appellant filed his notice of appeal on the 90th day after the trial court signed its order of dismissal dated June 20, 2024. CR 287–288. Even presuming Appellant was late in filing his appeal, which was not subject to an accelerated appeal, Appellant requests the Court of Appeals to consider TEX. R. APP. P. 26.3 and grant Appellant an extension,

because Appellee did not bring up the alleged late-filed appeal until after the time period provided for under TEX. R. APP. P. 26.3. However, Appellant does not concede that his appeal was not timely filed.

**B. The trial court dismissed all of Appellant's causes of action against Appellee in its June 20, 2024 order, meaning that as between Appellant and Appellee, the dismissal was not an accelerated appeal, but instead was a regular dismissal subject to the usual appeals timeline.**

Appellee wants to use the trial court's dismissal order of June 20, 2024, as both a shield and a sword. Appellant admits that the trial court dismissed his TCPA cause of action against Appellee, on June 20, 2024, and all of the causes of action filed by Appellant against Appellee, meaning the June 20, 2024 order dismissing Appellant's cause of action against Appellee was a final, appealable order and this appeal, is therefore, not interlocutory. CR 73, 156 ("IT IS HEREBY ORDERED that Defendant's Motion to Dismiss under the Texas Citizen's Participation Act is GRANTED and *all* claims in Plaintiff's First Amended Petition are dismissed as a matter of law.") (emphasis supplied). This appeal is not interlocutory, because as between Appellant and Appellee, the trial court's June 20, 2024 order dismissed Appellant's defamation lawsuit

against Appellee, and incorrectly also dismissed "all claims in Plaintiff's First Amended Petition". CR 156.

Appellee and Defendant Stephanie Simons Rojo share the same trial counsel, and that trial counsel filed a special appearance in Stephanie Simons Rojo's answer, attempting to use the trial courts complete dismissal of June 20, 2024 as a shield. CR 283–286.

## C. This is not an accelerated appeal, as Chapter 27 of the Texas Civil Practice & Remedies Code applies to *denials* of TCPA Motions to Dismiss, not an appeal from an order *granting* a TCPA Motion to Dismiss.

As Appellant has shown above, Appellant timely filed his appeal if the trial court's June 20, 2024 order did as it stated it did and dismissed all of Appellant's causes of action against Appellee, and others, because Appellant was not appealing a denial of a TCPA MTD. *See* CR 73, 156 (IT IS HEREBY ORDERED that Defendant's Motion to Dismiss under the Texas Citizen's Participation Act is GRANTED and *all* claims in Plaintiff's First Amended Petition are dismissed as a matter of law.") (emphasis supplied); TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(b). However, TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(b) is only cross-

referencing TEX. CIV. PRAC. & REM. CODE ANN. § 27.003, whereas TEX. CIV. PRAC. & REM. CODE ANN. § 27.003, which applies to the party filing the TCPA MTD and mandates the requirements of a Court to follow in applying the TCPA Chapter 27. Indeed, TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(b) provides ample clarification, wherein it states that "An appellate court shall expediate an appeal or other writ, whether interlocutory or not, form a trial court order on a motion to dismiss a legal action under Section 27.003 or from a trial court's failure to rule on that motion in the time prescribed by section 27.005." Section 27.008 does not apply to a party against whom a TCPA MTD was granted against, but instead the accelerated appeal applies to the party moving for the TCPA MTD. Indeed, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12) states that "A person may appeal from an interlocutory order of a district court . . . that . . . *denies* a motion to dismiss filed under Section 27.003". (emphasis supplied).

Appellee cannot use the trial court's order of June 20, 2024 as both a sword *and* a shield.

The case law citing to cases where the TCPA appeal was tied to an interlocutory appeal are not applicable to this case as this case was a

final, appealable order from a motion for new trial, moreover, those cases do not involve the filing of a motion for new trial, as this case does. First, as stated above, the trial court's order dismissed, as Appellee admits, all of Appellant's causes of action against Appellee. Second, because a motion for new trial was timely filed, the regular appeals process applies, not an accelerated appeal process.

The Texas Supreme Court has ruled on this issue, and has stated that "[i]f the trial court timely grants the motion to dismiss, *an order disposing of the entire case is appealable to the same extent as any other final judgment*. But if granting the motion does not resolve the entire controversy, the order is interlocutory and unappealable unless made final by severance." *In re Panchakarla*, 602 S.W.3d 536, 538 (Tex. 2020) (orig. proceeding) (per curiam) (emphasis supplied). The case at bar follows the facts as set out by the Supreme Court of Texas case of *In re Panchakarla*, and so the Court of Appeals should dismiss Appellee's Motion to Dismiss for Want of Jurisdiction, and grant Appellant's motion for sanctions against Appellee. Appellant filed a timely motion for new trial. The trial court's order of June 20, 2024, and by admission of counsel for Appellee, the trial court's order dismissed the entire lawsuit as

between Appellant and Appellee. But the trial counsel for Appellee goes farther and contends that the trial court's dismissal of June 20, 2024 applies to all issues by Appellant, Appellee, and Defendants Jane Does, John Does, and Stephanie Simons Rojo. CR 283–286.

Under *In re Panchakarla*, the issues as to Appellant and Appellee were completely resolved in the trial court's June 20, 2024 order granting the Appellee's TCPA MTD, as such, this appeal is timely filed.

**D. Because this is not an accelerated appeal, it was filed timely.**

As stated above, this was not an accelerated appeal and it was timely filed, because it was not an accelerated appeal.

**E. Appellee's timeline has issues.**

Appellee argues, incorrectly, that Appellant filed his appeal 91 days after the trial court signed the June 20, 2024 order. Under TEX. R. CIV. P. 4, you do not count the date of the action, here, the date the trial court signed the dismissal order, but instead count beginning after the date of the action, here after the date the trial court signed its order of dismissal. ("In computing any period of time prescribed or allowed by the rules, by order of court, or by any applicable statute, *the day of the act, event, or default after which the designated period of time begins to run is not to be*

*included.*") (emphasis supplied). Considering the correct application of TEX. R. CIV. P. 4, Appellant filed his notice of appeal on the 90th day after the trial court signed its order dismissing all causes of action filed by Appellant against Appellee on June 20, 2024—not 91 days after the order was signed, as Apellee incorrectly has argued to this Court.

Practitioners do not count the day of the event when calculating a deadline under TEX. R. CIV. P. 4. Justice Rebecca Simmons, in her pretrial procedure class in law school, taught us well, and taught us that the TEX. R. CIV. P. apply as if you were playing Candyland, you do not begin counting when you pick up the piece, but you begin counting on the space immediately after the space you leave from, when moving on a new turn in Candyland, and the timelines under the TEX. R. CIV. P. work similarly as the rules of Candyland do.

**F. Appellant objects that Appellee did not follow TEX. R. APP. P. 9.4 in its formatting of form in its Motion to Dismiss for Want of Jurisdiction.**

As stated above, Appellee's Motion to Dismiss for Want of Jurisdiction does not comply with the TEX. R. APP. P. 9.4, and to the extent Appellee's Motion to Dismiss for Want of Jurisdiction does not comply with TEX. R.

APP. P. 9.4, Appellant would as the Court to dismiss it for failing to confirm to the Rules applicable before the Court of Appeals.

## CONCLUSION AND PRAYER

When applying applicable Supreme Court of Texas case law, it becomes clear that this Court *does* have jurisdiction to hear this appeal. Furthermore, Appellee's Motion to Dismiss for Want of Jurisdiction does not conform to the TEX. R. APP. P. As such, the Court of Appeals should overrule Appellee's Motion to Dismiss for Want of Jurisdiction and sanction Appellee and Appellee's counsel for the filing of a frivolous motion with the Court of Appeals, that the Court of Appeals tax costs against Appellee for its filing of a frivolous motion, and for such other and further relief to which Appellant may be justly entitled.

Respectfully submitted,

/s/ Benjamin Paul Dunn
Benjamin Paul Dunn
State Bar No. 24124581
ben@benpdunn.com
P: 210-819-3970
P.O. Box 311128
New Braunfels, TX 78131-1128
PRO SE APPELLANT

## CERTIFICATE OF CONFERENCE

By my signature above, I do hereby certify that pursuant to TEX. R. APP. P. 10.1(a)(5) that I conferred with Appellee's counsel via email on October 27, 2024 regarding the relief sought by the forgoing motion. Counsel for Appellee responded that he was opposed to the motion.

## CERTIFICATE OF SERVICE

By my signature above, I do hereby certify that the forgoing Response has been sent electronically to the Appellee's attorney of record on the date of filing in compliance with TEX. R. APP. P. 9.5(b)(1).

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 93613536
Filing Code Description: Response
Filing Description: Appellant's Response to Appellee's Motion to Dismiss for Want of Jursidiction
Status as of 10/28/2024 10:08 AM MST

Associated Case Party: BenjaminPDunn

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Benjamin PaulDunn | | ben@benpdunn.com | 10/27/2024 6:07:48 PM | SENT |

Associated Case Party: Thompson, Coe, Cousins & Irons, LLP d/b/a Thomposon Coe

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amy Welborn | | awelborn@grsm.com | 10/27/2024 6:07:48 PM | SENT |
| Marisol Mendiola | | mmendiola@grsm.com | 10/27/2024 6:07:48 PM | SENT |
| Steven  Bitter | | sbitter@grsm.com | 10/27/2024 6:07:48 PM | SENT |
| Anna Ortiz | | aortiz@grsm.com | 10/27/2024 6:07:48 PM | SENT |
| Cynthia Givens | | cgivens@grsm.com | 10/27/2024 6:07:48 PM | SENT |
| Taylor Yetter | | tyetter@grsm.com | 10/27/2024 6:07:48 PM | SENT |
| J.  AndrewHutton | | ahutton@grsm.com | 10/27/2024 6:07:48 PM | SENT |